JS 44   (Rev. 10/20/ FLSD Revised 12/2021)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:   ☐ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | | | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed (See VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation Transfer   ☐ 7 Appeal to District Judge from Magistrate Judgment   ☐ 8 Multidistrict Litigation – Direct File   ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions):  a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO

JUDGE:                                                    DOCKET NUMBER:

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ _____     CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE      9/9/2024

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY : RECEIPT #            AMOUNT            IFP            JUDGE            MAG JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case Number**

**SCATTURICE, Leonardo**
A# 219-822-899

      Plaintiffs/ Petitioners,

v.

**MERRICK GARLAND**, Attorney General of the
United States; **UR JADDOU**, Director, U.S.
Citizenship and Immigration Services; **BRETT
RINEHART,** District Director USCIS Miami;
**ELIZABETH FERRO,** Field Office Director
USCIS Miami; **ALEJANDRO N. MAYORKAS**,
Secretary of the **DEPARTMENT OF
HOMELAND SECURITY; CHRISTOPHER
WRAY**, Director of the Federal Bureau of
Investigation; **THE DEPARTMENT OF
HOMELAND SECURITY; THE
DEPARTMENT OF JUSTICE**; **THE UNITED
STATES CITIZENSHIP & IMMIGRATION
SERVICES;** and **THE FEDERAL BUREAU OF
INVESTIGATION.**

      Defendants/ Respondents.

_____/

**PETITION FOR WRIT OF MANDAMUS**
**AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

      Mr. Leonardo Orlando Scatturice ("Mr. Scatturice") (A# 219-822-899) or "Plaintiff," by

and through his undersigned counsel, hereby files this Petition for Writ of Mandamus and

Complaint for Injunction and Declaratory Relief against the Defendants, Merrick Garland,

Attorney General of the United States; Ur Jaddou, Director, U.S. Citizenship and Immigration

Services; Elizabeth Ferro, Field Office Director, USCIS Miami; Brett Rinehart, District Director

USCIS Miami; Alejandro N. Mayorkas, Secretary of the Department of Homeland Security;

Christopher Wray, Director of the Federal Bureau of Investigation; the United States Citizenship

and Immigration Service (USCIS); the Department of Homeland Security; the Department of Justice; and the Federal Bureau of Investigation (FBI), (Defendants).

## I.   <u>NATURE OF THE ACTION</u>

This is an action for the issuance of a writ of mandamus and for injunctive and declaratory relief due to the Defendants' deprivation of the Plaintiff's Constitutional and statutory rights to due process. The Defendants have failed to adjudicate the Plaintiff's application for adjustment of status, which is based on his marriage to a United States citizen and the already approved I-130 Immediate Relative Petition, as required under INA § 245; 8 USC § 1225. This action seeks to compel the Defendants and those acting under their authority to take all appropriate actions necessary to adjudicate the Plaintiff's application to adjust status to lawful permanent resident (Form I-485) without further delay.  Plaintiff concurrently filed the I-130 Immediate Relative Petition (Form I-130) and the Application to Adjust Status to Lawful Permanent Resident (Form I-485) on or about January 21, 2021. While the I-130 petition was approved on September 16, 2021, after a full interview by USCIS, the I-485 application remains pending three (3) years later. The Plaintiff's application continues to fall within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period, to the significant detriment of the Plaintiff and his family.

## II.   <u>PARTIES</u>

1.     **Plaintiff, Mr. Leonardo Orlando Scatturice (A# 219-822-899)**, is the devoted foreign national spouse of U.S. citizen Mrs. Diana Maria Marquardt. Born in Argentina, he lawfully entered the United States on January 21, 2020.  Since his arrival, Mr. Scatturice has worked tirelessly to build a future alongside his wife, embodying the values of hard work, dedication, and perseverance. In addition to his personal achievements, Mr. Scatturice has

2

contributed to the U.S. economy by founding and operating OCP Tech Global IT LLC, a company focused on delivering cutting-edge IT solutions, creating jobs, and supporting innovation in the industry.

2.      **Defendant Merrick Garland** is the Attorney General of the United States. He has controlling authority with respect to all questions of law relating to the immigration and naturalization of aliens under 8 U.S.C § 1103(a), INA §103(a), and is in charge of the FBI.  He is sued in his official capacity.

3.      **Defendant Ur Jaddou** is the Director of U.S. Citizenship and Immigration Services (USCIS), a department of the U.S. Department of Homeland Security.  She is in charge of providing immigration-related services and benefits to foreign-born individuals. 8 U.S.C. § 1103(a), INA § 103(a).  She is being sued in her official capacity.

4.      **Defendant Brett Rinehart** is the District Director of the Miami District Office of the U.S. Citizenship and Immigration Service, responsible for providing immigration and citizenship services to foreign-born individuals throughout the Southern District of Florida. He is sued in his official capacity.

5.      **Defendant Elizabeth Ferro** is the Miami Field Office Director, U.S. Citizenship and Immigration Service, who is responsible for providing immigration and citizenship services to foreign-born individuals at the Miami Office where Plaintiff's case is currently pending. She is sued in her official capacity.

6.      **Defendant Alejandro N. Mayorkas** is the Secretary of the Department of Homeland Security, DHS, which administers and enforces the nation's immigration laws and regulations. 8 USC § 1103(a), INA §103(a). He is being sued in his official capacity.

7.      **Defendant Christopher Wray** is the Director of the Federal Bureau of

3

Investigations, the FBI, which is responsible for performing and providing all name and background checks and clearances for USCIS. He is being sued in his official capacity.

8. **Defendant, United States Citizenship and Immigration Service, USCIS,** is a U.S. Department of Homeland Security branch. It is primarily responsible for administering and enforcing the country's immigration laws and regulations.

9. **Defendant, the Department of Homeland Security, DHS,** is a department of the United States government. It has the primary responsibility to administer and adjudicate the country's immigration laws and regulations and process adjustment of status.

10. **Defendant, the Department of Justice, DOJ,** is a department of the United States government. Its leader, the Attorney General, has controlling authority with respect to the implementation of the laws and regulations relating to the immigration and naturalization of aliens and is in charge of the FBI.

11. **The United States Citizenship and Immigration Services (USCIS)** is a component of the Department of Homeland Security (DHS), responsible for overseeing lawful immigration to the United States. USCIS administers the nation's immigration system, including the adjudication of petitions for family- and employment-based visas, naturalization applications, and other immigration benefits. The agency is obligated to process applications within a reasonable time and is subject to judicial review when it fails to do so.

12. **The Defendant, Federal Bureau of Investigation,** FBI, is a bureau of the Department of Justice and a branch of the Department of Justice controlling and providing all name checks and clearances for USCIS.

### III.    JURISDICTION

13. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal

question jurisdiction) because the Plaintiff's claim arises under the laws of the United States, particularly INA § 245, 8 U.S.C. § 1255, and associated law and regulations under Title 8. This court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act); 5 U.S.C. § 551 *et seq*. and § 701 *et seq*. (Administrative Procedure Act); and Rules 57 and 65 of the Federal Rules of Civil Procedure, permitting declaratory and injunctive actions and relief is requested pursuant to said statutes and 28 U.S.C. § 2201. Jurisdiction is further conferred by 8 U.S.C. § 1329 regarding jurisdiction of the district courts.

14.     The Administrative Procedure Act requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time,* each agency *shall* proceed to conclude a matter presented to it." (Emphasis added.) USCIS is subject to 5 U.S.C. § 555(b). The Administrative Procedure Act requires an agency to act "within a reasonable time" 5 U.S.C. § 555(b), and authorizes a reviewing court to "compel agency action … unreasonably delayed" 5 U.S.C. § 706(1).

15.     Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of Jurisdiction. INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order but is simply an action to compel USCIS to adjudicate the Plaintiffs' unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

16.     Furthermore, INA § 242(a)(2)(B), (8 U.S.C. § 1252(a)(2)(B)), provides that no

court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified … to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]"  Because adjudication of a properly filed petition for an alien relative and adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be at the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim.   The adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act that the Government is under obligation to perform in a timely manner.   This is a congressionally mandated duty to the public.  Three (3) years and two (2) interviews later are excessive and unreasonable.

17.    Both the regulations and the INA (Title 8, United States Code) provide numerous examples of duties owed by USCIS in the adjustment of status process.  8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added).  The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status … *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added).  The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial."  8 C.F.R. § 245.2(a)(5)(i) (emphasis added.)  The language of the statute and the regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them.

6

18.     There are no administrative remedies available to Plaintiff to redress the grievance described in this complaint, and Plaintiff has exhausted all efforts possible to get USCIS to act. This action challenges only the defendants' procedural policies, practices, and interpretations of law, not the discretionary granting or denial of individual applications or petitions.  Therefore, the jurisdictional limitations of INA § 242, 8 U.S.C. § 1252 do not apply.

19.     As the present action does not seek review of a removal order but is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed I-485 application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

### IV.      VENUE

20.     Venue lies in the Southern District of Florida under 28 U.S.C. § 1391(e)(1), which states, in pertinent part, that "a civil action in which a defendant is an officer or employee of the United States or any agency thereof . . . may . . . be brought in any judicial district in which (A) a defendant in the action resides, [or] (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is at issue." *Id.*  This action is against officers and agencies of the United States in their official capacities, brought in the district where Plaintiff resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.  The venue also properly lies within the Southern District of Florida pursuant to 28 U.S.C. § 1402(a)(1) because it is the judicial district where the Plaintiff resides.

### V.      FACTUAL ALLEGATIONS

21.     Plaintiff, Mr. Leonardo Orlando Scatturice, is a native and citizen of Argentina who entered the United States lawfully on January 21, 2020.  *See* **Exhibit A** for a copy of Mr. Scatturice's passport and I-94 arrival record.  He was admitted and inspected.

22.     On November 25, 2020, Plaintiff, Mr. Scatturice, married his U.S. citizen wife, Mrs. Marquardt. *See* **Exhibit B** for a copy of Mrs. Marquardt's U.S. passport and marriage certificate.  The couple started their new family, building a life together in the United States with the intent of establishing a stable and loving home. They have since taken steps to solidify their future in this country, including filing necessary immigration applications to ensure Mr. Scatturice's lawful permanent residency status.

23.     Despite their efforts, the prolonged delay in the adjudication of Mr. Scatturice's I-485 application has placed undue stress and uncertainty on their family.

24.     On January 21, 2021, the I-130 Petition for Alien Relative, was filed concurrently with the I-485 application. On September 15, 2021, USCIS conducted a full interview of Mr. Scatturice and Mrs. Marquardt.  Subsequent to the interview and after a determination of the validity of Mr. Scatturice and Mrs. Marquardt's loving marriage, USCIS immediately approved the I-130 petition for Alien Relative on September 16, 2021.  On March 9, 2022, more than six (6) months after the first interview, USCIS conducted a second interview of Mr. Scatturice.  *See* **Exhibit C** for a copy of the interview notices and initial receipts for the I-130 petition and I-485 application filed concurrently.  Despite these interviews and Mr. Scatturice's compliance with USCIS' requests and questions, USCIS has yet to make a final determination on Mr. Scatturice's I-485 application, leaving his immigration status in limbo.  The extended delay has caused significant hardship for Mr. Scatturice and his family as they continue to wait for the resolution of this matter.

25.     The I-485 application filed on January 21, 2021, remains pending despite the extensive time that has elapsed. This delay far exceeds the reasonable period that USCIS and the FBI require to adjudicate residency applications.  According to the USCIS website, the average

processing time for an I-485 application is approximately 26.5 months. Mr. Scatturice's application has been pending for three (3) years or thirty-six (36) months —well beyond the standard processing time. This excessive delay is unjustifiable and has caused unnecessary hardship, uncertainty, and emotional distress to Mr. Scatturice and his family, who continue to await a decision that should have been rendered long ago. *See* **Exhibit D,** USCIS' average processing time featured from the USCIS website at *https://egov.uscis.gov/processing-times/.*

26. Pursuant to the I-130 petition approval, Plaintiff, Mr. Scatturice, qualifies for lawful permanent residency as the spouse of a U.S. citizen pursuant to INA § 201(b)(2)(A)(i), 8 USC § 1151 (b)(2)(A)(i). Plaintiff qualifies to adjust his status to a lawful permanent resident under INA § 245(a), 8 USC § 1255(a) because 1) he filed an application for adjustment of status on January 21, 2021, 2) he is eligible to receive and was granted an immigrant visa (his I-130 petition was approved on September 16, 2021), and he is admissible to the United States for permanent residency, and 3) no grounds of inadmissibility apply to him. Furthermore, he is a person of good moral character who merits the granting of his application as a matter of discretion. *See* **Exhibit E**, a copy of police clearance letters from the United States and Argentina.

27. USCIS refuses to adjudicate the I-485 application filed on August 05, 2021. The excessive, unreasonable, and unjustifiable delay on the part of USCIS amounts to the deprivation and violation of due process to the Plaintiff. The Plaintiff has been waiting for three (3) years for the adjudication of his application to become a lawful permanent resident of the United States. The Plaintiff provided all the required documents, biometrics were taken, and USCIS conducted two (2) interviews. Despite this, USCIS has failed to resolve or adjudicate his case. The delay of three (3) years cannot be justified.

28. Despite their efforts, the prolonged delay in the adjudication of Mr. Scatturice's I-

485 application has placed undue stress and uncertainty on their family.  Both husband and wife are co-owners of OCP Tech Global IT LLC, an American company that employs hundreds of individuals and plays a vital role in the U.S. economy by developing, implementing, and managing IT projects across various industries.  The company's success not only contributes to job creation but also drives innovation in the IT sector, benefiting clients and communities nationwide.  *See* **Exhibit F**, copy of the Sunbiz printout for OCP Tech Global IT LLC.

29.     The uncertainty surrounding Mr. Scatturice's immigration status has affected their personal lives and created an additional strain on Mrs. Marquardt as she manages the responsibilities of leading a significant enterprise while dealing with the emotional and practical implications of this prolonged delay. This situation has adversely impacted their ability to focus entirely on their family and professional commitments.

30.     The excessive delay in adjudicating the I-485 application is causing significant harm to the Plaintiffs.  The uncertainty and limitations imposed by his pending status prevent him from fully participating in and contributing to their shared business endeavors. Mr. Scatturice is unable to avail himself of the rights and privileges of a lawful permanent resident, such as accumulating time toward eligibility for citizenship, which would eventually allow him to exercise the precious right to vote. The delay has also placed severe limitations on Mr. Scatturice's ability to support their business, including restricted access to financing, employment restrictions, difficulties obtaining licenses and permits, and limited opportunities for business growth. These challenges are not only detrimental to Mr. Scatturice personally but also to the couple's joint professional efforts, as they face unnecessary obstacles in growing their business and securing their family's future.

31.     Counsel for Plaintiff has made multiple inquiries with USCIS to no avail. Counsel

has attempted to resolve the delay by sending Adjudication Letters, both mailed and hand-delivered to the Miami Field Office, as well as submitting electronic requests (E-Requests) to obtain information about the Plaintiff's case status and to understand the reasons for the prolonged delay. Despite these efforts, USCIS has consistently failed to provide a substantive response. The most recent USCIS electronic request response stated that the application is 'within the posted processing time,' and therefore, 'an inquiry may not be created at this time.' This notice directly contradicts the 26.5-month processing time currently posted on the USCIS website, further exacerbating the uncertainty and frustration faced by the Plaintiff. The lack of clear communication and action from USCIS has made it impossible to administratively resolve this pending file.  *See* **Exhibit G** copies of the adjudication letters and the most recent USCIS E-Request reflecting the discrepancies in processing times and the ongoing efforts to obtain resolution.

32.    The Defendants have failed to adjudicate Mr. Scatturice's application for adjustment of status despite Mr. Scatturice's constant compliance with the Defendants' requests. Mr. Scatturice has been fingerprinted, and the FBI has completed its background checks.  Mr. Scatturice has answered all questions asked of him at the interview and has continued to make himself available for any additional information Defendants may need.   However, the Defendants have done nothing to move the application toward a final decision.

33.    The Plaintiff has exhausted his administrative remedies and has no other adequate remedy available for the harm he seeks to redress—the failure of USCIS to process his application to adjust status in a timely manner.

34.    The Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law and regulations.   His application is well beyond normal processing

times, and there exists no reason or impediment in the Plaintiff's personal history to justify this undue excessive delay.

35.     The Defendants have effectively denied the Plaintiff, Mr. Scatturice the opportunity to become a lawful permanent resident of the United States.

36.     The Plaintiff continues to be greatly damaged by the Defendants' failure to act in accordance with their duties under the law and regulations.

37.     The Defendants, in violation of the law and regulations, are unlawfully withholding or unreasonably delaying the action of the Plaintiff's application for residency and have failed to carry out the adjudicative and administrative functions delegated to them by law with regard to Plaintiff's application.

## VI.  DEFENDANTS' ACTIONS AND FAILURES TO ACT HAVE IRREPARABLY HARMED THE PLAINTIFF

36.     Plaintiff has suffered protracted and unconscionable delays in the adjudication of his permanent resident status.  Mr. Scatturice has been deprived of the substantial and unique benefits of residency status, including protection of the laws of the United States, the freedom to work and live in the U.S. permanently, expand his business, and increase the capability of hiring U.S. citizens and other permanent residents.  He is a hardworking man who has been patiently waiting to become a lawful permanent resident of the United States.

## VII.   CAUSES OF ACTION

### Count I
### Violation of Administrative Procedures Act,
### 5 U.S.C. § 555 *et seq.* and § 701 *et seq.*

37.     Plaintiff incorporates paragraphs 1-36 as if fully stated in this count.

38.     Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint violate Administrative Procedures Act, 5 U.S.C. §§ 706, 555, because:

a.    An action (namely, the adjudication of Mr. Scatturice's adjustment of status (I-485)) by an agency of the United States, i.e., USCIS, is being "unlawfully withheld or unreasonably delayed," as proscribed by 5 U.S.C. § 706(1) since it has been pending for three (3) years;

b.    The agency's delay in adjudicating this petition is "arbitrary, capricious, [and] not in accordance with law," as proscribed by 5 U.S.C. § 706(2)(A); and

c.    The agency's handling of this petition has not been effected "with due regard . . . and within a reasonable time," as required by 5 U.S.C. § 555(b).

39.    As a result, Plaintiff has suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

**Count II**
**Mandamus, 28 U.S.C. § 1361**

40.    Plaintiff incorporates paragraphs 1-39 as if fully stated in this count.

41.    Defendants have a duty to administer and enforce the Immigration and Nationality Act (INA). *See* 8 U.S.C. § 1103; INA § 103.  Accordingly, Defendants have the responsibility to adjudicate Mr. Scatturice's adjustment of status application but have failed to do so for three (3) years.  This breach of the Defendants' duty is ongoing, despite all reasonable efforts by the Plaintiff and his attorney to check the status of the application and cooperate with the agency in expediting and concluding this process.  Moreover, this breach of the Defendants' duty has no foreseeable conclusion and could be prolonged for months or even years into the future. Plaintiff, therefore, has no remedy available to compel the Defendants to satisfy their statutory obligations but for this federal action.

42.    As a result, Plaintiff has suffered irreparable and/or other harm, monetary damages,

13

and attorney's fees, thereby entitling Plaintiff to injunctive and other relief.

**Count III**
**Violation of Federal Regulation**
**8 C.F.R. § 103.2(b)(18)**

43.      Plaintiff incorporates paragraphs 1- 42 as if fully stated in this count.

44.      8 C.F.R. § 103.2(b)(18) pertains to withholding adjudication due to a pending 'investigation.' In this case, there is no evidence that such an 'investigation' is or has been pending. The regulation provides specific guidelines and procedures for delaying adjudication of an application for specific and limited time periods. It does not give USCIS the right or discretion to indefinitely delay adjudication. Furthermore, 8 C.F.R. § 103.2(b)(18) explicitly requires that any investigation be completed within one year of its inception. While extensions in additional six-month increments may be granted in some instances, in this case, given that Mr. Scatturice has no arrest history, a delay of three (3) years is wholly unjustified.

45.      Undersigned counsel has attempted to contact USCIS on several occasions to understand why this application has not yet been adjudicated.  Counsel can only submit and request information; only USCIS can verify that there is no investigation that has not been concluded and no justifiable reason for future delay.

46.      As a result, the Court's intervention is appropriate because the Defendants have failed to act within a reasonable period of time.  The petition is well beyond the Defendants' own processing times.  The Plaintiffs are entitled to action on this long-pending application for adjustment of status because an unreasonable amount of time has passed since it was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law due to the ongoing harm and prejudice of Plaintiff.

14

**Count IV**
**Declaratory Judgment, 28 U.S.C. § 2201**

47.     Plaintiff incorporates paragraphs 1-46 as if fully stated in this count.

48.     The Defendants' practices, policies, conduct, and failures to act as alleged in this Complaint are a violation of the INA, a breach of the Defendant's statutory duties, and are unconstitutional, arbitrary, and capricious. Plaintiff seeks a declaration to that effect pursuant to 28 U.S.C. § 2201 and declaring that Defendants are compelled to adjudicate Plaintiff's Adjustment of Status Application (I-485).

**Count V**
**Violation of the Fifth Amendment Due Process**
**and Equal Protection Clauses**

49.     Plaintiff incorporates paragraphs 1-48 as if fully stated in this count.

50.     The Defendants' practices, policies, conduct, and failures to act, as detailed in this Complaint, egregiously violate the Plaintiff's rights to substantive and procedural due process and equal protection guaranteed by the Fifth Amendment to the United States Constitution.  Plaintiff, protected by the Fifth Amendment, is unequivocally entitled to due process and equal protection based on Mrs. Marquardt's approved I-130 petition as a U.S. citizen. The Defendant's unwarranted delay in adjudicating Mr. Scatturices's application for adjustment of status has resulted in a blatant infringement of his due process rights.

51.     As a result, Plaintiff has suffered irreparable and other harm, thereby entitling him to injunctive and other relief.

**VIII.   RELIEF REQUESTED**

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

1) Compel the Defendants to adjudicate the Plaintiff's application for permanent residence (I-485) immediately without delay;

2)  Declare that the Defendant's acts and omissions as alleged in this Complaint violate the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process and Equal Protection Clauses of the Fifth Amendment;

3)  Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling Defendants to finalize the processing of the I-485 application for adjustment of status;

4)  Award Plaintiff reasonable attorney's fees under the Equal Access to Justice Act ("EAJA"); and,

5)  Grant such other and further relief as this Court deems reasonable and proper.

Dated this 9th day of September 2024.

/S/*Linda Osberg-Braun*

By: LINDA OSBERG-BRAUN
Florida Bar No. 0827282
E-mail: osberg@osberglaw.com
Osberg Braun Immigration
10800 Biscayne Boulevard, Suite 925
Miami, Florida 33161
Telephone:     (305) 350-0707
Facsimile:      (305) 428-2644

## <u>LIST OF EXHIBITS</u>

A   Mr. Scatturice's Passport and I-94 arrival record.

B   USC spouse's U.S. passport and marriage certificate.

C   Interview notices, initial I-485 application receipt, and I-130 petition approval.

D   USCIS average processing times.

E   Copy of Plaintiff's police clearance letters.

F.   Copy of Sunbiz report for OCP Tech Global IT LLC.

G.   Copies of adjudication letters and most recent Erequest printout.

### *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed by federal express on this 9th day of September 2024 to all parties of record on the Service List below.

- o  Merrick Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001.

- o  Ur Jaddou, Director of U.S. Citizenship and Immigration Services, Office of the Director, 20 Massachusetts Ave. N.W., Washington, D.C. 20529-2000.

- o  Brett Rinehart, District Director USCIS Miami Field Office, 8801 NW 7th Ave. Miami, FL 33150.

- o  Elizabeth Ferro, Field Office Director, Miami Field Office, 8801 NW 7th Avenue, Miami, FL 33150.

- o  Alejandro Mayorkas, Secretary of Homeland Security, Murray Lane, SW Washington, D.C. 20528-0305

- o  Christopher Wray, Director of the Federal Bureau of Investigation, FBI, J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington D.C. 20535-0001.

- o  The Department of Homeland Security, Office of the General Counsel, 3801 Nebraska Avenue NW, Washington D.C. 20016.

- o  The Department of Justice, Justice Management Division, 950 Pennsylvania Avenue NW, Room 1111, Washington D.C. 20530.

- o  The Federal Bureau of Investigation, 935 Pennsylvania Avenue NW, Washington D.C. 20535.

- o  United States Citizenship and Immigration Services, 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009

- o  Markenzy Lapointe, United States Attorney for the Southern District of Florida, 99 NE 4th Street, Miami, FL 33132

By: /S/*Linda Osberg-Braun*
    Linda Osberg-Braun

Linda Osberg-Braun, Esq. 10800 Biscayne Blvd., Suite 925, Miami FL 33161.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida   ⊡

| | |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899<br><br>_____<br>*Plaintiff(s)*<br>v.<br>MERRICK GARLAND, Attorney General of the United<br>States; UR JADDOU, Director, U.S. Citizenship and<br>Immigration Services; BRETT RINEHART, District<br>Director USCIS Miami, et.al.<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Merrick Garland, United States Attorney General,
U.S. Department of Justice,
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____09/09/2024_____        _____
                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ☑

| | |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899<br><br>_____<br>*Plaintiff(s)*<br>v.<br>MERRICK GARLAND, Attorney General of the United States; UR JADDOU, Director, U.S. Citizenship and Immigration Services; BRETT RINEHART, District Director USCIS Miami, et.al.<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Ur Jaddou
Director of U.S. Citizenship and Immigration Services
Office of the Director
20 Massachusetts Ave., NW
Washington, DC 20529-2000

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____09/09/2024_____          _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida   [▼]

| | |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899<br><br>_____<br>*Plaintiff(s)*<br>v.<br>MERRICK GARLAND, Attorney General of the United<br>States; UR JADDOU, Director, U.S. Citizenship and<br>Immigration Services; BRETT RINEHART, District<br>Director USCIS Miami, et.al.<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Brett Rinehart
District Director, USCIS Miami Field Office
8801 NW 7th Avenue
Miami, FL 33150

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____09/09/2024_____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ▢ ▾

| | |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899 | )<br>)<br>)<br>) |
| _____<br>*Plaintiff(s)* | )<br>) |
| v. | )   Civil Action No. |
| MERRICK GARLAND, Attorney General of the United<br>States; UR JADDOU, Director, U.S. Citizenship and<br>Immigration Services; BRETT RINEHART, District<br>Director USCIS Miami, et.al. | )<br>)<br>)<br>)<br>) |
| _____<br>*Defendant(s)* | )<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Elizabeth Ferro,
Field Office Director,
Miami Field Office,
8801 NW 7th Avenue, Miami, FL 33150.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   _____09/09/2024_____         _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida  ▼

| | |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>MERRICK GARLAND, Attorney General of the United<br>States; UR JADDOU, Director, U.S. Citizenship and<br>Immigration Services; BRETT RINEHART, District<br>Director USCIS Miami, et.al.<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Alejandro Mayorkas
Secretary of Homeland Security
Murray Lane, SW
Washington, D.C. 20528-0305

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____09/09/2024_____        _____
                                                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida  ▼

| | |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899<br><br>_____<br>*Plaintiff(s)*<br>v.<br>MERRICK GARLAND, Attorney General of the United<br>States; UR JADDOU, Director, U.S. Citizenship and<br>Immigration Services; BRETT RINEHART, District<br>Director USCIS Miami, et.al.<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Christopher Wray
Director of the Federal Bureau of Investigation, FBI,
J. Edgar Hoover Building
935 Pennsylvania Avenue, N.W.
Washington D.C. 20535-0001.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____09/09/2024_____          _____
                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida  [▼]

|  |  |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899<br><br>_____<br>*Plaintiff(s)*<br>v.<br>MERRICK GARLAND, Attorney General of the United<br>States; UR JADDOU, Director, U.S. Citizenship and<br>Immigration Services; BRETT RINEHART, District<br>Director USCIS Miami, et.al.<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The Department of Homeland Security
Office of the General Counsel
3801 Nebraska Avenue, NW,
Washington D.C. 20016

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   _____09/09/2024_____          _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899<br><br>———————————————<br>*Plaintiff(s)*<br>v.<br>MERRICK GARLAND, Attorney General of the United<br>States; UR JADDOU, Director, U.S. Citizenship and<br>Immigration Services; BRETT RINEHART, District<br>Director USCIS Miami, et.al.<br>———————————————<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The Department of Justice
Justice Management Division
950 Pennsylvania Avenue NW
Room 1111
Washington D.C. 20530.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   09/09/2024

———————————————————
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ▾

| | |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899<br><br>_____<br>*Plaintiff(s)*<br>v.<br>MERRICK GARLAND, Attorney General of the United<br>States; UR JADDOU, Director, U.S. Citizenship and<br>Immigration Services; BRETT RINEHART, District<br>Director USCIS Miami, et.al.<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* The Federal Bureau of Investigation
935 Pennsylvania Avenue NW
Washington D.C. 20535.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   _____09/09/2024_____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ☐▾

| | |
|---|---|
| SCATTURICE, Leonardo<br>A# 219-822-899<br><br>_____<br>*Plaintiff(s)*<br>v.<br>MERRICK GARLAND, Attorney General of the United<br>States; UR JADDOU, Director, U.S. Citizenship and<br>Immigration Services; BRETT RINEHART, District<br>Director USCIS Miami, et.al.<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* United States Citizenship and Immigration Services
5900 Capital Gateway Drive, Mail Stop 2120
Camp Springs, MD 20588-0009

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Linda Osberg-Braun, Esq.
10800 Biscayne Blvd., Suite 925
Miami, FL 33161

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  ___09/09/2024___        _____
                                *Signature of Clerk or Deputy Clerk*