UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23469-CIV-WILLIAMS

LEONARDO ORLANDO SCATTURICE,

    Plaintiff,

v.

JAMES MCHENRY, ACTING UNITED
STATES ATTORNEY GENERAL ET AL.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants, James McHenry III, Acting U.S. Attorney General; Andrew Davidson, Acting Director, U.S. Citizenship and Immigration Service ("USCIS"); Brett Rinehart, District Director, USCIS District S24, Miami and the Caribbean; Elizabeth Ferro, Field Office Director, USCIS Miami Field Office; Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"); Brian Driscoll, Acting Director, Federal Bureau of Investigation ("FBI");[1] DHS; the Department of Justice; USCIS; and the FBI (collectively "Defendants"), through their undersigned counsel, hereby file this Motion to Dismiss, requesting that the Court enter an order dismissing this action of Plaintiff Leonardo Scatturice ("Plaintiff") for mootness.

---

[1] Plaintiff named as Defendants public officers and sued them in their official capacities. Pursuant to Fed. R. Civ. P. 25(d), Defendants request that the Court substitute: McHenry for former U.S. Attorney General Merrick Garland; Davidson for former USCIS Director Ur Jaddou; Noem for former Secretary of Homeland Security Alejandro Mayorkas; and Driscoll for former FBI Director Christopher Wray.

**MEMORANDUM OF LAW**

**I.      Background**

On September 9, 2024, Plaintiff, through his counsel, filed his Complaint seeking to compel the agency to adjudicate the Plaintiff's application to adjust status to lawful permanent resident (Form I-485) without further delay. Complaint, D.E. 1 at ¶ 1. According to the Complaint, the Form I-485 was filed on or about January 21, 2021. Complaint, D.E. 1 at ¶ 1.

On November 7, 2024, this court entered its Order (D.E. 6) granting Defendants Unopposed Motion for Extension of Time to File a Response to the Complaint. This Order provided that Defendants shall file their response on or before December 11, 2024. On December 10, 2024, this Court entered its Order (D.E. 8) granting Defendants' Motion to Stay Proceedings and required that the parties file a status report by February 7, 2025, if the underlying immigration proceedings have not concluded on or before this date.

On February 3, 2025, USCIS adjudicated the Plaintiff's Form I-485. A true and redacted copy of the first page of the Form I-485 showing that the application was denied on this date is filed here as Exhibit "A."

**II.     The Complaint Should Be Dismissed because Plaintiff's Application Has Been Adjudicated and There Is No Longer a Live Controversy**

**A.     Applicable Standards**

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. See Fed. R. Civ. P. 12(b)(1), 12(h)(3). A claim is properly dismissed "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Bathazi v. U.S. Dep't of Homeland Sec.*, 667 F. Supp.2d 1375, 1378 (S.D. Fla. 2009) (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)) ("A case is moot 'when it no longer presents a live controversy.'"). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *See*

*McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *see also MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, No. 1:17-CV-21996-UU, 2017 WL 4682335, at *3 (S.D. Fla. Oct. 10, 2017) (quoting the standard from *McElmurray*, 501 F.3d at 1251).

Here, Defendants present a factual attack to subject-matter jurisdiction based on the decision denying Plaintiff's Form I-485 that was issued on February 3, 2025, and mailed to Plaintiff and his counsel. On February 4, 2025, the Undersigned AUSA also emailed to Plaintiff's counsel a complete, unredacted copy of USCIS's decision.

Although jurisdiction is usually determined at filing, after-arising events can affect jurisdiction. *See Bathazi*, 667 F. Supp. 2d at 1378 (S.D. Fla. 2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401–02 (1975)) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"); *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 509 Fed. App'x 919, 922 (11th Cir. 2013) (citing *Blanchette v. Connecticut Gen. Ins. Corps.*, 419 U.S. 102 (1974)) (unpublished).

**B.     This Action is Moot**

USCIS adjudicated Plaintiff's Form I-485 on February 3, 2025.  *See* Exhibit "A." Adjudication of the Plaintiff's Form I-485 has resolved the issues set forth in Plaintiff's Complaint. The relief Plaintiff requested is now moot. *See* Exhibit "A." As such, the Complaint should be dismissed for mootness as the application was adjudicated, which is the relief that Plaintiff seeks.[2]

---

[2]  While it is true that on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true (*Scheuer v. Rhodes*, 416 U.S. 232 (1974)), the Eleventh Circuit has held that "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). "'Undisputed' in this context means that the authenticity of the document is not challenged." *Id*. There is no dispute that the adjudication of Plaintiff's Form I-485 is central to the relief Plaintiff's Complaint seeks and is authentic.

The case-or-controversy requirement of Article III, Section 2 of the United States Constitution subsists through all stages of federal judicial proceedings. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998), (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990) and citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). As the Supreme Court explained in *Lewis*, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477 (citing *Allen v. Wright*, 468 U.S. 737, 750–751 (1984); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471–473 (1982)).

Mootness deprives a court of the power to act when there is nothing to remedy. *See Spencer*, 523 U.S. at 18 ("mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so"). See also, *Indian River County v. Rogoff*, 254 F.Supp.3d 15 (D.D.C. 2017); *see also Kwok Sze v. Johnson*, 172 F.Supp.3d 112, 117 (D.D.C. 2016) ("A federal court does not have subject matter jurisdiction over claims that are moot.").

As noted above, the Eleventh Circuit has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quoting *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir.1993)). Therefore, "**[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.**" *Id*. (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (emphasis added).

-5-

In the instant case, Plaintiff challenges USCIS's failure to adjudicate Plaintiff's Form I-485. Because this issue has been resolved, the Court cannot provide Plaintiff further meaningful relief based on the requests made in their Complaint. Accordingly, the Complaint should be dismissed.

## CONCLUSION

The Form I-485 referenced in Plaintiff's Complaint has been adjudicated and denied. There is no longer a live controversy. As this case is moot, it must be dismissed.

Dated:  February 4, 2025

Respectfully submitted,

**HAYDEN P. O'BYRNE**
**UNITED STATES ATTORNEY**

By:   */s Stephanie I.R. Fidler*
STEPHANIE I.R. FIDLER
ASSISTANT U.S. ATTORNEY
Florida Bar No. 563749
United States Attorney's Office
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel. No.: (305) 961-9073
Fax No.: (305) 530-7139
Email: Stephanie.Fidler@usdoj.gov

Attorney for Defendants